# CIVIL COVER SHEET

The JS44 Civil cover sheet and the information contained herein  neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court.  This form approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Edgewood Properties, Inc. | Golder Associates, Inc. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Middlesex County, NJ      EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:  Georgia (IN U.S. PLAINTIFF CASES ONLY)  NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE              TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRST NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| David W. Fassett, Esq. Arseneault, Whipple, Farmer, Fassett & Azzarello, LLP 560 Main Street Chatham, NJ 07928 Tel: 973-635-3366 | John P. Lacey, Esq. Connell Foley LLP 85 Livingston Avenue Roseland, NJ 07068 Tel: (973) 535-0500 |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐1  U.S. Government Plaintiff

☐2  U.S. Government Defendant

☐3  Federal Question (U.S. Government Not a Party)

☒4  Diversity (indicate Citizenship of Parties in Item III)

## III.   CITIZENSHIP OF PRINCIPAL PARTIES  (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.  DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## V.  NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury- Medical Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage - Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 400 State Reappointment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commercial/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 810 Selective Service ☐ 850 Securities/Commodities Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitution of State Statutes ☐ 890 Other Statutory Actions |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | FEDERAL TAX SUITS | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☒ 290 All Other Real Property | ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights | ☐ 510 Motions to vacate Sentence Habeas Corpus ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Other | ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Management Relations ☐ 730 Labor/Management Reporting & Disclosure Act ☐ 740 Family Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS - Third Party 28 USC 7609 | |

## VI. ORIGIN  (PLACE AN x IN ONE BOX ONLY)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Division

☐ 4. Reinstated or Reopened

☐ 5. Transferred from another district (specify)

☐ 6. Multidistrict Litigation

☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER  F.R.C.P. 23      DEMAND $

Check YES only if demanded in complaint: JURY DEMAND ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY: (See Instructions)

JUDGE:                              DOCKET NUMBER:

| DATE | SIGNATURE OF ATTORNEY OF RECORD: |
|---|---|
| April 21, 2008 | John P. Lacey, Esq. (5475) |

UNITED STATES DISTRICT COURT

CONNELL FOLEY LLP (JPL 5475)
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendant
Golder Associates, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDGEWOOD PROPERTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> J&L MANAGEMENT CORPORATION, GOLDER ASSOCIATES, INC., and ARCADIS U.S., INC., <br><br> Defendants. | CIVIL ACTION NO. 08-774 (HAA) (ES) <br><br> Electronically Filed <br><br> **ANSWER, AFFIRMATIVE DEFENSES, DESIGNATION OF TRIAL COUNSEL, CERTIFICATION PURSUANT TO L.CIV.R. 11.2** |

Defendant, Golder Associates, Inc. ("Golder"), through its attorneys Connell Foley LLP, answers the Complaint as follows:

### THE PARTIES

1.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.     Defendant Golder admits the allegations contained in Paragraph 5 of the Complaint.

1926222-01

6.      Defendant Golder denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant Golder denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant Golder denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant Golder makes no response to the allegations contained in Paragraph 19 of the Complaint as said allegations are not directed against it.

20.     Defendant Golder makes no response to the allegations contained in Paragraph 20 of the Complaint as said allegations are not directed against it.

21.     Defendant Golder makes no response to the allegations contained in Paragraph 21 of the Complaint as said allegations are not directed against it.

22.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant Golder admits the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant Golder denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant Golder makes no response to the allegations contained in Paragraph 26 of the Complaint as said allegations are not directed against it.

27.     Defendant Golder makes no response to the allegations contained in Paragraph 27 of the Complaint as said allegations are not directed against it.

28.     Defendant Golder makes no response to the allegations contained in Paragraph 28 of the Complaint as said allegations call for a legal conclusion.

29.     Defendant Golder makes no response to the allegations contained in Paragraph 29 of the Complaint as said allegations call for a legal conclusion.

30.     Defendant Golder is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, except that Golder does have certain experience and knowledge regarding the handling, testing and disposal of PCB-contaminated materials.  New Jersey law is unclear concerning the treatment of concrete.

31.     Defendant Golder denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant Golder makes no response to the allegations contained in Paragraph 32 of the Complaint as said allegations are not directed against it.

33.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant Golder denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant Golder denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant Golder denies the allegations contained in Paragraph 36 of the Complaint insofar as said allegations are directed against it.

37.     Defendant Golder denies the allegations contained in Paragraph 37 of the Complaint insofar as said allegations are directed against it.

38.     Defendant Golder denies the allegations contained in Paragraph 38 of the Complaint insofar as said allegations are directed against it.

39.     Defendant Golder denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant Golder denies the allegations contained in Paragraph 40 of the Complaint insofar as said allegations are directed against it.

41.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant Golder denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant Golder denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant Golder denies the allegations contained in Paragraph 47 of the Complaint insofar as said allegations are directed against it.

48.     Defendant Golder denies the allegations contained in Paragraph 48 of the Complaint insofar as said allegations are directed against it.

49.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant Golder denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant Golder denies the allegations contained in Paragraph 55 of the Complaint insofar as said allegations are directed against it.

56.     Defendant Golder denies the allegations contained in Paragraph 56 of the Complaint insofar as said allegations are directed against it.

57.     Defendant Golder denies the allegations contained in Paragraph 57 of the Complaint insofar as said allegations are directed against it.

58.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant Golder denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant Golder denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant Golder denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant Golder denies the allegations contained in Paragraph 64 of the Complaint insofar as said allegations are directed against it.

65.     Defendant Golder denies the allegations contained in Paragraph 65 of the Complaint insofar as said allegations are directed against it.

66.     Defendant Golder denies the allegations contained in Paragraph 66 of the Complaint insofar as said allegations are directed against it.

67.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant Golder makes no response to the allegations contained in Paragraph 77 of the Complaint as said allegations are not directed against it, except that it denies that it assisted and/or supervised any others' activities at the Edison site.

78.     Defendant Golder makes no response to the allegations contained in Paragraph 78 of the Complaint as said allegations are not directed against it.

79.     Defendant Golder makes no response to the allegations contained in Paragraph 79 of the Complaint as said allegations are not directed against it.

80.     Defendant Golder makes no response to the allegations contained in Paragraph 80 of the Complaint as said allegations are not directed against it, except that it denies that it assisted and/or supervised any others' activities at the Edison site.

81.     Defendant Golder makes no response to the allegations contained in Paragraph 81 of the Complaint to the extent said allegations are not directed against it, and denies the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendant Golder denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     Defendant Golder denies the allegations contained in Paragraph 93 of the Complaint insofar as said allegations are directed against it.

94.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97of the Complaint.

## COUNT I

### NEW JERSEY SPILL ACT

98.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraph 98 of the Complaint as if the same were set forth at length herein.

99.    Defendant Golder admits the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant Golder admits the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant Golder denies the allegations contained in Paragraph 103 of the Complaint insofar as said allegations are directed against it.

104.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant Golder denies the allegations contained in Paragraph 107 of the Complaint insofar as said allegations are directed against it.

108.    Defendant Golder denies the allegations contained in Paragraph 108 of the Complaint insofar as said allegations are directed against it.

109.    Defendant Golder denies the allegations contained in Paragraph 109 of the Complaint insofar as said allegations are directed against it.

<u>COUNT II</u>

CERCLA COST RECOVERY

110.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 109 of the Complaint as if the same were set forth at length herein.

111.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114.    Defendant Golder denies the allegations contained in Paragraph 114 of the Complaint insofar as said allegations are directed against it.

115.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119.    Defendant Golder denies the allegations contained in Paragraph 119 of the Complaint insofar as said allegations are directed against it.

120.    Defendant Golder denies the allegations contained in Paragraph 120 of the Complaint.

## COUNT III

### COMMON LAW STRICT LIABILITY

121.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 120 of the Complaint as if the same were set forth at length herein.

122.    Defendant Golder denies the allegations contained in Paragraph 122 of the Complaint insofar as said allegations are directed against it.

123.    Defendant Golder denies the allegations contained in Paragraph 123 of the Complaint.

124.    Defendant Golder denies the allegations contained in Paragraph 124 of the Complaint.

125.    Defendant Golder denies the allegations contained in Paragraph 125 of the Complaint.

## COUNT IV

### NEGLIGENT MISREPRESENTATION

126.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 125 of the Complaint as if the same were set forth at length herein.

127.    Defendant Golder denies the allegations contained in Paragraph 127 of the Complaint insofar as said allegations are directed against it.

128.    Defendant Golder denies the allegations contained in Paragraph 128 of the Complaint insofar as said allegations are directed against it.

129.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    Defendant Golder denies the allegations contained in Paragraph 131 of the Complaint insofar as said allegations are directed against it.

132.    Defendant Golder denies the allegations contained in Paragraph 132 of the Complaint insofar as said allegations are directed against it.

133.    Defendant Golder denies the allegations contained in Paragraph 133 of the Complaint insofar as said allegations are directed against it.

134.    Defendant Golder denies the allegations contained in Paragraph 134 of the Complaint insofar as said allegations are directed against it.

135.    Defendant Golder denies the allegations contained in Paragraph 135 of the Complaint insofar as said allegations are directed against it.

136.    Defendant Golder denies the allegations contained in Paragraph 136 of the Complaint insofar as said allegations are directed against it.

137.    Defendant Golder denies the allegations contained in Paragraph 137 of the Complaint insofar as said allegations are directed against it.

138    Defendant Golder denies the allegations contained in Paragraph 138 of the Complaint insofar as said allegations are directed against it.

## COUNT V

### NEGLIGENCE

139.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 138 of the Complaint as if the same were set forth at length therein.

140.    Defendant Golder denies the allegations contained in Paragraph 140 of the Complaint insofar as said allegations are directed against it.

141.   Defendant Golder denies the allegations contained in Paragraph 141 of the Complaint insofar as said allegations are directed against it.

142.   Defendant Golder denies the allegations contained in Paragraph 142 of the Complaint insofar as said allegations are directed against it.

## COUNT VI

### CIVIL CONSPIRACY

143.   Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 142 of the Complaint as if the same were set forth at length herein.

144.   Defendant Golder denies the allegations contained in Paragraph 144 of the Complaint insofar as said allegations are directed against it.

145.   Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146.   Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

147.   Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint.

148.   Defendant Golder denies the allegations contained in Paragraph 148 of the Complaint insofar as said allegations are directed against it.

149.   Defendant Golder denies the allegations contained in Paragraph 149 of the Complaint insofar as said allegations are directed against it.

150.   Defendant Golder denies the allegations contained in Paragraph 150 of the Complaint insofar as said allegations are directed against it.

151.   Defendant Golder denies the allegations contained in Paragraph 151 of the Complaint insofar as said allegations are directed against it.

152.    Defendant Golder denies the allegations contained in Paragraph 152 of the Complaint insofar as said allegations are directed against it.

153.    Defendant Golder denies the allegations contained in Paragraph 153 of the Complaint insofar as said allegations are directed against it.

154.    Defendant Golder denies the allegations contained in Paragraph 154 of the Complaint insofar as said allegations are directed against it.

155.    Defendant Golder denies the allegations contained in Paragraph 155 of the Complaint insofar as said allegations are directed against it.

156.    Defendant Golder denies the allegations contained in Paragraph 156 of the Complaint insofar as said allegations are directed against it.

157.    Defendant Golder denies the allegations contained in Paragraph 157 of the Complaint insofar as said allegations are directed against it.

158.    Defendant Golder denies the allegations contained in Paragraph 158 of the Complaint insofar as said allegations are directed against it.

159.    Defendant Golder denies the allegations contained in Paragraph 159 of the Complaint insofar as said allegations are directed against it.

160.    Defendant Golder denies the allegations contained in Paragraph 160 of the Complaint insofar as said allegations are directed against it.

161.    Defendant Golder denies the allegations contained in Paragraph 161 of the Complaint insofar as said allegations are directed against it.

162.    Defendant Golder denies the allegations contained in Paragraph 162 of the Complaint insofar as said allegations are directed against it.

163.    Defendant Golder denies the allegations contained in Paragraph 163 of the Complaint insofar as said allegations are directed against it.

164.   Defendant Golder denies the allegations contained in Paragraph 164 of the Complaint insofar as said allegations are directed against it.

165.   Defendant Golder denies the allegations contained in Paragraph 165 of the Complaint insofar as said allegations are directed against it.

166.   Defendant Golder denies the allegations contained in Paragraph 166 of the Complaint insofar as said allegations are directed against it.

167.   Defendant Golder denies the allegations contained in Paragraph 167 of the Complaint insofar as said allegations are directed against it.

168.   Defendant Golder denies the allegations contained in Paragraph 167 of the Complaint insofar as said allegations are directed against it.

169.   Defendant Golder denies the allegations contained in Paragraph 168 of the Complaint insofar as said allegations are directed against it.

170.   Defendant Golder denies the allegations contained in Paragraph 169 of the Complaint insofar as said allegations are directed against it.

## COUNT VII

### NEW JERSEY RICO STATUTE

171.   Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 170 of the Complaint as it the same were set forth at length herein.

172.   Defendant Golder denies the allegations contained in Paragraph 172 of the Complaint insofar as said allegations are directed against it.

A.   THE ENTERPRISE.

173.   Defendant Golder denies the allegations contained in Paragraph 173 of the Complaint insofar as said allegations are directed against it.

174.   Defendant Golder denies the allegations contained in Paragraph 174 of the Complaint insofar as said allegations are directed against it.

175.    Defendant Golder denies the allegations contained in Paragraph 175 of the Complaint insofar as said allegations are directed against it.

176.    Defendant Golder denies the allegations contained in Paragraph 176 of the Complaint insofar as said allegations are directed against it.

177.    Defendant Golder denies the allegations contained in Paragraph 177 of the Complaint insofar as said allegations are directed against it.

178.    Defendant Golder denies the allegations contained in Paragraph 178 of the Complaint insofar as said allegations are directed against it.

179.    Defendant Golder denies the allegations contained in Paragraph 179 of the Complaint insofar as said allegations are directed against it.

180.    Defendant Golder denies the allegations contained in Paragraph 180 of the Complaint insofar as said allegations are directed against it.

181.    Defendant Golder makes no response to the allegations contained in Paragraph 181 of the Complaint as said allegations are not directed against it.

182.    Defendant Golder makes no response to the allegations contained in Paragraph 182 of the Complaint as said allegations are not directed against it.

183.    Defendant Golder makes no response to the allegations contained in Paragraph 183 of the Complaint as said allegations are not directed against it.

184.    Defendant Golder denies the allegations contained in Paragraph 184 of the Complaint insofar as said allegations are directed against it.

185.    Defendant Golder makes no response to the allegations contained in Paragraph 185 of the Complaint as said allegations are not directed against it.

186    Defendant Golder denies the allegations contained in Paragraph 186 of the Complaint insofar as said allegations are directed against it.

187.    Defendant Golder denies the allegations contained in Paragraph 187 of the Complaint insofar as said allegations are directed against it.

188.    Defendant Golder denies the allegations contained in Paragraph 188 of the Complaint insofar as said allegations are directed against it.

**B.      THE PURPOSE OF THE ENTERPRISE.**

189.    Defendant Golder denies the allegations contained in Paragraph 189 of the Complaint insofar as said allegations are directed against it.

190.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint.

191.    Defendant Golder makes no response to the allegations contained in Paragraph 191 of the Complaint as said allegations are not directed against it.

192.    Defendant Golder makes no response to the allegations contained in Paragraph 192 of the Complaint as said allegations are not directed against it.

193.    Defendant Golder denies the allegations contained in Paragraph 193 of the Complaint insofar as said allegations are directed against it.

194.    Defendant Golder denies the allegations contained in Paragraph 194 of the Complaint insofar as said allegations are directed against it.

**C.      THE PATTERN OF RACKETEERING ACTIVITY.**

195.    Defendant Golder denies the allegations contained in Paragraph 195 of the Complaint insofar as said allegations are directed against it.

196.    Defendant Golder denies the allegations contained in Paragraph 196 of the Complaint.

197.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the Complaint.

198.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Complaint.

199.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint.

200.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Complaint.

201.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Complaint.

202.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the Complaint.

203.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint.

204.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Complaint.

205.    Defendant Golder denies the allegations contained in Paragraph 205 of the Complaint insofar as said allegations are directed against it.

206.    Defendant Golder denies the allegations contained in Paragraph 206 of the Complaint insofar as said allegations are directed against it.

207.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 of the Complaint.

208.    Defendant Golder makes no response to the allegations contained in Paragraph 208 of the Complaint as said allegations are not directed against it.

209.    Defendant Golder denies the allegations contained in Paragraph 209 of the Complaint.

210.   Defendant Golder denies the allegations contained in Paragraph 210 of the Complaint insofar as said allegations are directed against it.

211.   Defendant Golder denies the allegations contained in Paragraph 211 of the Complaint insofar as said allegations are directed against it.

D.   THE INTENTIONAL NATURE OF THE PATTERN OF RACKETEERING ACTIVITY.

212.   Defendant Golder denies the allegations contained in Paragraph 212 of the Complaint insofar as said allegations are directed against it.

213.   Defendant Golder denies the allegations contained in Paragraph 213 of the Complaint insofar as said allegations are directed against it.

E.   THE CONDUCT OF THE ENTERPRISE IS PROHIBITED "RACKETEERING ACTIVITY".

214.   Defendant Golder denies the allegations contained in Paragraph 214 of the Complaint insofar as said allegations are directed against it.

a.   THE PATTERN OF RACKETEERING ACTIVITY VIOLATED N.J.S.A. 2C:21-16.

215.   Defendant Golder makes no response to the allegations contained in Paragraph 218 of the Complaint as said allegations call for a legal conclusion.

216.   Defendant Golder denies the allegations contained in Paragraph 216 of the Complaint insofar as said allegations are directed it.

b.   THE PATTERN OF RACKETEERING ACTIVITY VIOLATED 2C:21-7(A)(d)

217.   Defendant Golder makes no response to the allegations contained in Paragraph 217 of the Complaint as said allegations call for a legal conclusion.

218.   Defendant Golder makes no response to the allegations contained in Paragraph 218 of the Complaint as said allegations call for a legal conclusion.

219.   Defendant Golder denies the allegations contained in Paragraph 219 of the Complaint insofar as said allegations are directed against it.

220.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the Complaint.

221.    Defendant Golder denies the allegations contained in Paragraph 221 of the Complaint insofar as said allegations are directed against it.

222.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the Complaint.

### c.    THE PATTERN OF RACKETEERING ACTIVITY VIOLATED 18 U.S.C. §§ 1341 AND 1343.

223.    Defendant Golder makes no response to the allegations contained in Paragraph 223 of the Complaint as said allegations call for a legal conclusion.

224.    Defendant Golder makes no response to the allegations contained in Paragraph 224 of the Complaint as said allegations call for a legal conclusion.

225.    Defendant Golder denies the allegations contained in Paragraph 225 of the Complaint insofar as said allegations are directed against it.

226.    Defendant Golder denies the allegations contained in Paragraph 226 of the Complaint insofar as said allegations are directed against it.

227.    Defendant Golder denies the allegations contained in Paragraph 227 of the Complaint insofar as said allegations are directed against it.

228.    Defendant Golder denies the allegations contained in Paragraph 228 of the Complaint insofar as said allegations are directed against it.

229.    Defendant Golder denies the allegations contained in Paragraph 229 of the Complaint insofar as said allegations are directed against it.

230.    Defendant Golder denies the allegations contained in Paragraph 230 of the Complaint insofar as said allegations are directed against it.

F.     THE PATTERN OF RACKETEERING ACTIVITY PROXIMATELY RESULTED IN HARM TO EDGEWOOD.

231.    Defendant Golder makes no response to the allegations contained in Paragraph 231 of the Complaint as said allegations call for a legal conclusion.

232.    Defendant Golder denies the allegations contained in Paragraph 232 of the Complaint insofar as said allegations are directed against it.

233.    Defendant Golder denies the allegations contained in Paragraph 233 of the Complaint insofar as said allegations are directed against it.

234.    Defendant Golder denies the allegations contained in Paragraph 234 of the Complaint insofar as said allegations are directed against it.

235.    Defendant Golder denies the allegations contained in Paragraph 235 of the Complaint insofar as said allegations are directed against it.

236.    Defendant Golder makes no response to the allegations contained in Paragraph 236 of the Complaint as said allegations call for a legal conclusion.

## PRAYER FOR RELIEF

WHEREFORE, defendant Golder Associates, Inc. demands judgment in its favor and an Order dismissing the Complaint in its entirety.

CONNELL FOLEY LLP
Attorneys for Defendant
Golder Associates, Inc.

By _____
        JOHN P. LACEY, ESQ. (5475)

Dated:   April 21, 2008

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against Golder for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Golder are barred because none of Golder's actions were the proximate cause of, or will cause or contribute to, any of the alleged harm or damages or incurrence of response costs alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a set-off in whole or in part by virtue of Plaintiff's own status as a responsible party with respect to any site.

### FIFTH AFFIRMATIVE DEFENSE

Even if Golder is found to have contributed any hazardous substance to any site, which Golder denies, any claims against Golder are barred by virtue of the *de minimus* or *de micromis* toxicity and volume of such materials, when compared to those of other parties, including Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Golder denies that it is responsible for any response costs arising out of any site, but should it ultimately be found liable, Golder is entitled to a set-off against any such liability for: (a) any amounts which may actually be paid by Golder for any of the injuries, costs, damages and expenses alleged in the Complaint; (b) any amounts stipulated or agreed to under any settlement, or any release or covenant not to sue any person or entity for any of the injuries, costs, damages and expenses alleged in the Complaint; (c) the equitable share of liability of any person or entity that receives any release from liability or covenant not to sue or enter into any

settlement with respect to the injuries, costs, damages and expenses alleged in the Complaint; (d) the equitable share of liability or any person or entity who is responsible for any of the injuries, costs, damages and expenses alleged in the Complaint but is unable to pay its fair share due to insolvency or any other reason; and/or (e) the equitable share of liability of any person or entity who is responsible for any of the injuries, costs, damages and expenses alleged in the Complaint but is not named as a defendant in the case.

SEVENTH AFFIRMATIVE DEFENSE

Golder denies that it is responsible for any response, removal or remediation costs arising out of the subject site.   However, if Golder is held liable, then its liability should be limited to its fair, equitable, proportionate share of costs, harm or damage, taking into account, *inter alia*, equitable principles, Plaintiff's lack of care and control, the percentage of total volume of hazardous substances at any site that was contributed by all persons, the hazardous substances contributed by the Plaintiff and its employees and agents, the liability of those transporters, if any, that may have hauled materials to any such Site, the removal of any materials prior to the alleged release of hazardous substances that gives rise to Plaintiff's claims, and the contribution of all other persons and entities to the alleged release or threatened release of hazardous substances.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable principle of laches.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by assumption of the risk.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by contributory negligence and comparative fault.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties.

### TWELFTH AFFIRMATIVE DEFENSE

Golder denies that it is responsible for any response, removal or remediation costs arising out of the Site.  However, in the event that Golder is held liable, then it is not jointly and severally liable as a matter of law because Plaintiff is a responsible party.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred because any and all acts or omissions were authorized pursuant to, and in compliance with, conditions of federal, state and/or local permits, licenses, authorizations and/or rules.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not cleaned up or removed a discharge as provided in N.J.S.A. 58:10-23.22f(a)(2) and has not otherwise expended any costs for cleanup or removal of hazardous substances.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to minimize and mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by common law estoppel or regulatory estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by collateral estoppel or issue preclusion.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by *res judicata*.

1926222-01

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by the entire controversy doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by federal and New Jersey requirements of Due Process, including those of the Constitution of the United States of America, the Constitution of the State of New Jersey, the federal Administrative Procedure Act, and the New Jersey Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Golder denies that it is responsible for any response costs arising out of the Site, but should it ultimately be found liable, joint and several liability may not be imposed upon Golder because the damages and harm are distinct and divisible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by doctrines of common law equity and fairness.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and Fourth-Party Plaintiff's claims and alleged causes of action are preempted by federal law, including the Small Business Liability Relief and Brownfields Revitalization Act, Public Law No. 107-118.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent applicable to it, Golder incorporates by reference herein each and every affirmative defense asserted, or to be asserted, by any other Defendant or Third-Party Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Golder gives notice that it intends to rely upon such defenses as may be applicable as a result of discovery proceedings and reserves the right to amend its answer and defenses accordingly.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Golder reserves the right to apply to the Court for the award of counsel fees and costs pursuant to the New Jersey Frivolous Pleading Statute, N.J.S.A. 2A:15-59.1 *et seq.*

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Golder hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserves its right to amend its Answer and Defenses to assert any such defense. Golder also reserves its right to assert other and related defenses as may become available in the event of a determination that the causes of action described in the Complaint or some portions thereof are governed by the substantive law of a jurisdiction other than the State of New Jersey.

## PRAYER FOR RELIEF

**WHEREFORE,** Golder respectfully requests that the Court enter judgment in its favor as follows:

1. Complaint be dismissed with prejudice;

2. Judgment be entered in favor of Golder Associates, Inc. as to all counts;

3. Golder be awarded attorneys' fees and costs;

4. Golder be awarded such other and further relief as the Court deems appropriate.

## COUNTERCLAIM FOR INDEMNIFICATION AND CONTRIBUTION

1. Golder incorporates fully herein by reference all of the foregoing paragraphs of the Answer as if fully set forth in this section.

2.      Without admitting liability herein, Golder hereby claims indemnification from Plaintiff, jointly and severally.

3.      Without admitting liability herein, Golder hereby claims contribution from Plaintiff, jointly and severally.

**WHEREFORE,** Golder seeks complete and full contribution and indemnification from Plaintiff, jointly and severally, including costs of suit and the defense of this matter.

## DESIGNATION OF TRIAL COUNSEL

Defendant Golder Associates, Inc. designates John P. Lacey, Esq., and Connell Foley LLP as their trial counsel pursuant to R. 4:25-4.

CONNELL FOLEY LLP
Attorneys for Defendant
Golder Associates, Inc.

By_____
JOHN P. LACEY, ESQ. (5475)

Dated:  April 21, 2008

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I hereby certify that the within matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administration proceeding.

I hereby certify that the foregoing statement made by me is true.  I am aware that if the foregoing statement made by me is willfully false, I am subject to punishment.

CONNELL FOLEY LLP
Attorneys for Defendant
Golder Associates, Inc.

By_____
JOHN P. LACEY, ESQ. (5475)

Dated:  April 21, 2008

## CERTIFICATE OF SERVICE

I, JOHN P. LACEY, of full age, certify as follows:

1.      I am an attorney at law of the State of New Jersey and a partner in the law firm of Connell Foley LLP, attorneys for defendant, Golder Associates, Inc. ("Golder"), in the within matter.

2.      On April 21, 2008, I arranged for the electronic filing of Golder's Answer to the Complaint in the above-captioned action.

3.      On April 21, 2008, a copy of Golder's Answer to the Complaint was served upon all counsel of record via Electronic Filing.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

JOHN P. LACEY

Dated: April 21, 2008

1926222-01

29