CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendant
Golder Associates, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDGEWOOD PROPERTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> J&L MANAGEMENT CORPORATION, GOLDER ASSOCIATES, INC., and ARCADIS U.S., INC., <br><br> Defendants. | CIVIL ACTION NO. 08-774 (HAA) (ES) <br><br> Electronically Filed <br><br> **AMENDED ANSWER AND COUNTERCLAIM AGAINST EDGWOOD PROPERTIES, INC.** |

Defendant/Counterclaimant, Golder Associates, Inc. ("Golder"), through its attorneys Connell Foley LLP, answers the Complaint as follows:

<u>THE PARTIES</u>

1.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant Golder admits the allegations contained in Paragraph 5 of the Complaint.

1959063-01

6.      Defendant Golder denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant Golder denies the allegations contained in Paragraph 7 of the Complaint.

8.       Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16.      Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant Golder denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant Golder makes no response to the allegations contained in Paragraph 19 of the Complaint as said allegations are not directed against it.

20.     Defendant Golder makes no response to the allegations contained in Paragraph 20 of the Complaint as said allegations are not directed against it.

21.     Defendant Golder makes no response to the allegations contained in Paragraph 21 of the Complaint as said allegations are not directed against it.

22.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant Golder admits the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant Golder denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant Golder makes no response to the allegations contained in Paragraph 26 of the Complaint as said allegations are not directed against it.

27.     Defendant Golder makes no response to the allegations contained in Paragraph 27 of the Complaint as said allegations are not directed against it.

28.     Defendant Golder makes no response to the allegations contained in Paragraph 28 of the Complaint as said allegations call for a legal conclusion.

29.     Defendant Golder makes no response to the allegations contained in Paragraph 29 of the Complaint as said allegations call for a legal conclusion.

30.     Defendant Golder is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, except that Golder does have certain experience and knowledge regarding the handling, testing and disposal of PCB-contaminated materials.  New Jersey law is unclear concerning the treatment of concrete.

31.     Defendant Golder denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant Golder makes no response to the allegations contained in Paragraph 32 of the Complaint as said allegations are not directed against it.

33.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant Golder denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant Golder denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant Golder denies the allegations contained in Paragraph 36 of the Complaint insofar as said allegations are directed against it.

37.     Defendant Golder denies the allegations contained in Paragraph 37 of the Complaint insofar as said allegations are directed against it.

38.     Defendant Golder denies the allegations contained in Paragraph 38 of the Complaint insofar as said allegations are directed against it.

39.     Defendant Golder denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant Golder denies the allegations contained in Paragraph 40 of the Complaint insofar as said allegations are directed against it.

41.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant Golder denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant Golder denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant Golder denies the allegations contained in Paragraph 47 of the Complaint insofar as said allegations are directed against it.

48.     Defendant Golder denies the allegations contained in Paragraph 48 of the Complaint insofar as said allegations are directed against it.

49.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant Golder denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant Golder denies the allegations contained in Paragraph 55 of the Complaint insofar as said allegations are directed against it.

56.     Defendant Golder denies the allegations contained in Paragraph 56 of the Complaint insofar as said allegations are directed against it.

57.     Defendant Golder denies the allegations contained in Paragraph 57 of the Complaint insofar as said allegations are directed against it.

58.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant Golder denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant Golder denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant Golder denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant Golder denies the allegations contained in Paragraph 64 of the Complaint insofar as said allegations are directed against it.

65.     Defendant Golder denies the allegations contained in Paragraph 65 of the Complaint insofar as said allegations are directed against it.

66.     Defendant Golder denies the allegations contained in Paragraph 66 of the Complaint insofar as said allegations are directed against it.

67.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant Golder makes no response to the allegations contained in Paragraph 77 of the Complaint as said allegations are not directed against it, except that it denies that it assisted and/or supervised any others' activities at the Edison site.

78.     Defendant Golder makes no response to the allegations contained in Paragraph 78 of the Complaint as said allegations are not directed against it.

79.     Defendant Golder makes no response to the allegations contained in Paragraph 79 of the Complaint as said allegations are not directed against it.

80.     Defendant Golder makes no response to the allegations contained in Paragraph 80 of the Complaint as said allegations are not directed against it, except that it denies that it assisted and/or supervised any others' activities at the Edison site.

81.     Defendant Golder makes no response to the allegations contained in Paragraph 81 of the Complaint to the extent said allegations are not directed against it, and denies the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendant Golder denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     Defendant Golder denies the allegations contained in Paragraph 93 of the Complaint insofar as said allegations are directed against it.

94.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97of the Complaint.

<u>COUNT I</u>

NEW JERSEY SPILL ACT

98.     Defendant Golder repeats and realleges its responses to the allegations contained in Paragraph 98 of the Complaint as if the same were set forth at length herein.

99.     Defendant Golder admits the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant Golder admits the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant Golder denies the allegations contained in Paragraph 103 of the Complaint insofar as said allegations are directed against it.

104.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant Golder denies the allegations contained in Paragraph 107 of the Complaint insofar as said allegations are directed against it.

108.    Defendant Golder denies the allegations contained in Paragraph 108 of the Complaint insofar as said allegations are directed against it.

109.    Defendant Golder denies the allegations contained in Paragraph 109 of the Complaint insofar as said allegations are directed against it.

<u>COUNT II</u>

CERCLA COST RECOVERY

110.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 109 of the Complaint as if the same were set forth at length herein.

111.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114.    Defendant Golder denies the allegations contained in Paragraph 114 of the Complaint insofar as said allegations are directed against it.

115.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119.    Defendant Golder denies the allegations contained in Paragraph 119 of the Complaint insofar as said allegations are directed against it.

120.   Defendant Golder denies the allegations contained in Paragraph 120 of the Complaint.

## COUNT III

### COMMON LAW STRICT LIABILITY

121.   Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 120 of the Complaint as if the same were set forth at length herein.

122.   Defendant Golder denies the allegations contained in Paragraph 122 of the Complaint insofar as said allegations are directed against it.

123.   Defendant Golder denies the allegations contained in Paragraph 123 of the Complaint.

124.   Defendant Golder denies the allegations contained in Paragraph 124 of the Complaint.

125.   Defendant Golder denies the allegations contained in Paragraph 125 of the Complaint.

## COUNT IV

### NEGLIGENT MISREPRESENTATION

126.   Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 125 of the Complaint as if the same were set forth at length herein.

127.   Defendant Golder denies the allegations contained in Paragraph 127 of the Complaint insofar as said allegations are directed against it.

128.   Defendant Golder denies the allegations contained in Paragraph 128 of the Complaint insofar as said allegations are directed against it.

129.   Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    Defendant Golder denies the allegations contained in Paragraph 131 of the Complaint insofar as said allegations are directed against it.

132.    Defendant Golder denies the allegations contained in Paragraph 132 of the Complaint insofar as said allegations are directed against it.

133.    Defendant Golder denies the allegations contained in Paragraph 133 of the Complaint insofar as said allegations are directed against it.

134.    Defendant Golder denies the allegations contained in Paragraph 134 of the Complaint insofar as said allegations are directed against it.

135.    Defendant Golder denies the allegations contained in Paragraph 135 of the Complaint insofar as said allegations are directed against it.

136.    Defendant Golder denies the allegations contained in Paragraph 136 of the Complaint insofar as said allegations are directed against it.

137.    Defendant Golder denies the allegations contained in Paragraph 137 of the Complaint insofar as said allegations are directed against it.

138    Defendant Golder denies the allegations contained in Paragraph 138 of the Complaint insofar as said allegations are directed against it.

## COUNT V

### NEGLIGENCE

139.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 138 of the Complaint as if the same were set forth at length therein.

140.    Defendant Golder denies the allegations contained in Paragraph 140 of the Complaint insofar as said allegations are directed against it.

141.    Defendant Golder denies the allegations contained in Paragraph 141 of the Complaint insofar as said allegations are directed against it.

142.    Defendant Golder denies the allegations contained in Paragraph 142 of the Complaint insofar as said allegations are directed against it.

## COUNT VI

### CIVIL CONSPIRACY

143.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 142 of the Complaint as if the same were set forth at length herein.

144.    Defendant Golder denies the allegations contained in Paragraph 144 of the Complaint insofar as said allegations are directed against it.

145.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

147.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint.

148.    Defendant Golder denies the allegations contained in Paragraph 148 of the Complaint insofar as said allegations are directed against it.

149.    Defendant Golder denies the allegations contained in Paragraph 149 of the Complaint insofar as said allegations are directed against it.

150.    Defendant Golder denies the allegations contained in Paragraph 150 of the Complaint insofar as said allegations are directed against it.

151.    Defendant Golder denies the allegations contained in Paragraph 151 of the Complaint insofar as said allegations are directed against it.

152.    Defendant Golder denies the allegations contained in Paragraph 152 of the Complaint insofar as said allegations are directed against it.

153.    Defendant Golder denies the allegations contained in Paragraph 153 of the Complaint insofar as said allegations are directed against it.

154.    Defendant Golder denies the allegations contained in Paragraph 154 of the Complaint insofar as said allegations are directed against it.

155.    Defendant Golder denies the allegations contained in Paragraph 155 of the Complaint insofar as said allegations are directed against it.

156.    Defendant Golder denies the allegations contained in Paragraph 156 of the Complaint insofar as said allegations are directed against it.

157.    Defendant Golder denies the allegations contained in Paragraph 157 of the Complaint insofar as said allegations are directed against it.

158.    Defendant Golder denies the allegations contained in Paragraph 158 of the Complaint insofar as said allegations are directed against it.

159.    Defendant Golder denies the allegations contained in Paragraph 159 of the Complaint insofar as said allegations are directed against it.

160.    Defendant Golder denies the allegations contained in Paragraph 160 of the Complaint insofar as said allegations are directed against it.

161.    Defendant Golder denies the allegations contained in Paragraph 161 of the Complaint insofar as said allegations are directed against it.

162.    Defendant Golder denies the allegations contained in Paragraph 162 of the Complaint insofar as said allegations are directed against it.

163.    Defendant Golder denies the allegations contained in Paragraph 163 of the Complaint insofar as said allegations are directed against it.

164.    Defendant Golder denies the allegations contained in Paragraph 164 of the Complaint insofar as said allegations are directed against it.

165.    Defendant Golder denies the allegations contained in Paragraph 165 of the Complaint insofar as said allegations are directed against it.

166.    Defendant Golder denies the allegations contained in Paragraph 166 of the Complaint insofar as said allegations are directed against it.

167.    Defendant Golder denies the allegations contained in Paragraph 167 of the Complaint insofar as said allegations are directed against it.

168.    Defendant Golder denies the allegations contained in Paragraph 167 of the Complaint insofar as said allegations are directed against it.

169.    Defendant Golder denies the allegations contained in Paragraph 168 of the Complaint insofar as said allegations are directed against it.

170.    Defendant Golder denies the allegations contained in Paragraph 169 of the Complaint insofar as said allegations are directed against it.

## COUNT VII

### NEW JERSEY RICO STATUTE

171.    Defendant Golder repeats and realleges its responses to the allegations contained in Paragraphs 1 through 170 of the Complaint as it the same were set forth at length herein.

172.    Defendant Golder denies the allegations contained in Paragraph 172 of the Complaint insofar as said allegations are directed against it.

A.    THE ENTERPRISE.

173.    Defendant Golder denies the allegations contained in Paragraph 173 of the Complaint insofar as said allegations are directed against it.

174.    Defendant Golder denies the allegations contained in Paragraph 174 of the Complaint insofar as said allegations are directed against it.

175.    Defendant Golder denies the allegations contained in Paragraph 175 of the Complaint insofar as said allegations are directed against it.

176.    Defendant Golder denies the allegations contained in Paragraph 176 of the Complaint insofar as said allegations are directed against it.

177.    Defendant Golder denies the allegations contained in Paragraph 177 of the Complaint insofar as said allegations are directed against it.

178.    Defendant Golder denies the allegations contained in Paragraph 178 of the Complaint insofar as said allegations are directed against it.

179.    Defendant Golder denies the allegations contained in Paragraph 179 of the Complaint insofar as said allegations are directed against it.

180.    Defendant Golder denies the allegations contained in Paragraph 180 of the Complaint insofar as said allegations are directed against it.

181.    Defendant Golder makes no response to the allegations contained in Paragraph 181 of the Complaint as said allegations are not directed against it.

182.    Defendant Golder makes no response to the allegations contained in Paragraph 182 of the Complaint as said allegations are not directed against it.

183.    Defendant Golder makes no response to the allegations contained in Paragraph 183 of the Complaint as said allegations are not directed against it.

184.    Defendant Golder denies the allegations contained in Paragraph 184 of the Complaint insofar as said allegations are directed against it.

185.    Defendant Golder makes no response to the allegations contained in Paragraph 185 of the Complaint as said allegations are not directed against it.

186    Defendant Golder denies the allegations contained in Paragraph 186 of the Complaint insofar as said allegations are directed against it.

187.    Defendant Golder denies the allegations contained in Paragraph 187 of the Complaint insofar as said allegations are directed against it.

188.    Defendant Golder denies the allegations contained in Paragraph 188 of the Complaint insofar as said allegations are directed against it.

**B.    THE PURPOSE OF THE ENTERPRISE.**

189.    Defendant Golder denies the allegations contained in Paragraph 189 of the Complaint insofar as said allegations are directed against it.

190.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint.

191.    Defendant Golder makes no response to the allegations contained in Paragraph 191 of the Complaint as said allegations are not directed against it.

192.    Defendant Golder makes no response to the allegations contained in Paragraph 192 of the Complaint as said allegations are not directed against it.

193.    Defendant Golder denies the allegations contained in Paragraph 193 of the Complaint insofar as said allegations are directed against it.

194.    Defendant Golder denies the allegations contained in Paragraph 194 of the Complaint insofar as said allegations are directed against it.

**C.    THE PATTERN OF RACKETEERING ACTIVITY.**

195.    Defendant Golder denies the allegations contained in Paragraph 195 of the Complaint insofar as said allegations are directed against it.

196.    Defendant Golder denies the allegations contained in Paragraph 196 of the Complaint.

197.    Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 of the Complaint.

198.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Complaint.

199.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint.

200.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 of the Complaint.

201.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 of the Complaint.

202.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the Complaint.

203.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 of the Complaint.

204.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 204 of the Complaint.

205.     Defendant Golder denies the allegations contained in Paragraph 205 of the Complaint insofar as said allegations are directed against it.

206.     Defendant Golder denies the allegations contained in Paragraph 206 of the Complaint insofar as said allegations are directed against it.

207.     Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 of the Complaint.

208.     Defendant Golder makes no response to the allegations contained in Paragraph 208 of the Complaint as said allegations are not directed against it.

209.     Defendant Golder denies the allegations contained in Paragraph 209 of the Complaint.

210.   Defendant Golder denies the allegations contained in Paragraph 210 of the Complaint insofar as said allegations are directed against it.

211.   Defendant Golder denies the allegations contained in Paragraph 211 of the Complaint insofar as said allegations are directed against it.

### D.   THE INTENTIONAL NATURE OF THE PATTERN OF RACKETEERING ACTIVITY.

212.   Defendant Golder denies the allegations contained in Paragraph 212 of the Complaint insofar as said allegations are directed against it.

213.   Defendant Golder denies the allegations contained in Paragraph 213 of the Complaint insofar as said allegations are directed against it.

### E.   THE CONDUCT OF THE ENTERPRISE IS PROHIBITED "RACKETEERING ACTIVITY".

214.   Defendant Golder denies the allegations contained in Paragraph 214 of the Complaint insofar as said allegations are directed against it.

#### a.   THE PATTERN OF RACKETEERING ACTIVITY VIOLATED N.J.S.A. 2C:21-16.

215.   Defendant Golder makes no response to the allegations contained in Paragraph 218 of the Complaint as said allegations call for a legal conclusion.

216.   Defendant Golder denies the allegations contained in Paragraph 216 of the Complaint insofar as said allegations are directed it.

#### b.   THE PATTERN OF RACKETEERING ACTIVITY VIOLATED 2C:21-7(A)(d)

217.   Defendant Golder makes no response to the allegations contained in Paragraph 217 of the Complaint as said allegations call for a legal conclusion.

218.   Defendant Golder makes no response to the allegations contained in Paragraph 218 of the Complaint as said allegations call for a legal conclusion.

219.   Defendant Golder denies the allegations contained in Paragraph 219 of the Complaint insofar as said allegations are directed against it.

220.   Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 220 of the Complaint.

221.   Defendant Golder denies the allegations contained in Paragraph 221 of the Complaint insofar as said allegations are directed against it.

222.   Defendant Golder is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 222 of the Complaint.

### c.   THE PATTERN OF RACKETEERING ACTIVITY VIOLATED 18 U.S.C. §§ 1341 AND 1343.

223.   Defendant Golder makes no response to the allegations contained in Paragraph 223 of the Complaint as said allegations call for a legal conclusion.

224.   Defendant Golder makes no response to the allegations contained in Paragraph 224 of the Complaint as said allegations call for a legal conclusion.

225.   Defendant Golder denies the allegations contained in Paragraph 225 of the Complaint insofar as said allegations are directed against it.

226.   Defendant Golder denies the allegations contained in Paragraph 226 of the Complaint insofar as said allegations are directed against it.

227.   Defendant Golder denies the allegations contained in Paragraph 227 of the Complaint insofar as said allegations are directed against it.

228.   Defendant Golder denies the allegations contained in Paragraph 228 of the Complaint insofar as said allegations are directed against it.

229.   Defendant Golder denies the allegations contained in Paragraph 229 of the Complaint insofar as said allegations are directed against it.

230.   Defendant Golder denies the allegations contained in Paragraph 230 of the Complaint insofar as said allegations are directed against it.

**F.**     THE PATTERN OF RACKETEERING ACTIVITY PROXIMATELY RESULTED IN
HARM TO EDGEWOOD.

231.     Defendant Golder makes no response to the allegations contained in Paragraph 231 of the Complaint as said allegations call for a legal conclusion.

232.     Defendant Golder denies the allegations contained in Paragraph 232 of the Complaint insofar as said allegations are directed against it.

233.     Defendant Golder denies the allegations contained in Paragraph 233 of the Complaint insofar as said allegations are directed against it.

234.     Defendant Golder denies the allegations contained in Paragraph 234 of the Complaint insofar as said allegations are directed against it.

235.     Defendant Golder denies the allegations contained in Paragraph 235 of the Complaint insofar as said allegations are directed against it.

236.     Defendant Golder makes no response to the allegations contained in Paragraph 236 of the Complaint as said allegations call for a legal conclusion.

## PRAYER FOR RELIEF

WHEREFORE, defendant Golder Associates, Inc. demands judgment in its favor and an Order dismissing the Complaint in its entirety.

CONNELL FOLEY LLP
Attorneys for Defendant
Golder Associates, Inc.

By _____
        JOHN P. LACEY, ESQ.

Dated:  July 7, 2008

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against Golder for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Golder are barred because none of Golder's actions were the proximate cause of, or will cause or contribute to, any of the alleged harm or damages or incurrence of response costs alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a set-off in whole or in part by virtue of Plaintiff's own status as a responsible party with respect to any site.

### FIFTH AFFIRMATIVE DEFENSE

Even if Golder is found to have contributed any hazardous substance to any site, which Golder denies, any claims against Golder are barred by virtue of the *de minimus* or *de micromis* toxicity and volume of such materials, when compared to those of other parties, including Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Golder denies that it is responsible for any response costs arising out of any site, but should it ultimately be found liable, Golder is entitled to a set-off against any such liability for: (a) any amounts which may actually be paid by Golder for any of the injuries, costs, damages and expenses alleged in the Complaint; (b) any amounts stipulated or agreed to under any settlement, or any release or covenant not to sue any person or entity for any of the injuries, costs, damages and expenses alleged in the Complaint; (c) the equitable share of liability of any person or entity that receives any release from liability or covenant not to sue or enter into any

settlement with respect to the injuries, costs, damages and expenses alleged in the Complaint;
(d) the equitable share of liability or any person or entity who is responsible for any of the
injuries, costs, damages and expenses alleged in the Complaint but is unable to pay its fair share
due to insolvency or any other reason; and/or (e) the equitable share of liability of any person or
entity who is responsible for any of the injuries, costs, damages and expenses alleged in the
Complaint but is not named as a defendant in the case.

### SEVENTH AFFIRMATIVE DEFENSE

Golder denies that it is responsible for any response, removal or remediation costs
arising out of the subject site.  However, if Golder is held liable, then its liability should be
limited to its fair, equitable, proportionate share of costs, harm or damage, taking into account,
*inter alia*, equitable principles, Plaintiff's lack of care and control, the percentage of total volume
of hazardous substances at any site that was contributed by all persons, the hazardous
substances contributed by the Plaintiff and its employees and agents, the liability of those
transporters, if any, that may have hauled materials to any such Site, the removal of any
materials prior to the alleged release of hazardous substances that gives rise to Plaintiff's claims,
and the contribution of all other persons and entities to the alleged release or threatened release
of hazardous substances.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable principle of laches.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by assumption of the risk.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by contributory negligence and comparative fault.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

Golder denies that it is responsible for any response, removal or remediation costs arising out of the Site.  However, in the event that Golder is held liable, then it is not jointly and severally liable as a matter of law because Plaintiff is a responsible party.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred because any and all acts or omissions were authorized pursuant to, and in compliance with, conditions of federal, state and/or local permits, licenses, authorizations and/or rules.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not cleaned up or removed a discharge as provided in N.J.S.A. 58:10-23.22f(a)(2) and has not otherwise expended any costs for cleanup or removal of hazardous substances.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to minimize and mitigate damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by common law estoppel or regulatory estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by collateral estoppel or issue preclusion.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by *res judicata*.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by the entire controversy doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by federal and New Jersey requirements of Due Process, including those of the Constitution of the United States of America, the Constitution of the State of New Jersey, the federal Administrative Procedure Act, and the New Jersey Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Golder denies that it is responsible for any response costs arising out of the Site, but should it ultimately be found liable, joint and several liability may not be imposed upon Golder because the damages and harm are distinct and divisible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and alleged causes of action are barred by doctrines of common law equity and fairness.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and Fourth-Party Plaintiff's claims and alleged causes of action are preempted by federal law, including the Small Business Liability Relief and Brownfields Revitalization Act, Public Law No. 107-118.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent applicable to it, Golder incorporates by reference herein each and every affirmative defense asserted, or to be asserted, by any other Defendant or Third-Party Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Golder gives notice that it intends to rely upon such defenses as may be applicable as a result of discovery proceedings and reserves the right to amend its answer and defenses accordingly.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Golder reserves the right to apply to the Court for the award of counsel fees and costs pursuant to the New Jersey Frivolous Pleading Statute, N.J.S.A. 2A:15-59.1 *et seq.*

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Golder hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserves its right to amend its Answer and Defenses to assert any such defense. Golder also reserves its right to assert other and related defenses as may become available in the event of a determination that the causes of action described in the Complaint or some portions thereof are governed by the substantive law of a jurisdiction other than the State of New Jersey.

## PRAYER FOR RELIEF

**WHEREFORE,** Golder respectfully requests that the Court enter judgment in its favor as follows:

1. Complaint be dismissed with prejudice;

2. Judgment be entered in favor of Golder Associates, Inc. as to all counts;

3. Golder be awarded attorneys' fees and costs;

4. Golder be awarded such other and further relief as the Court deems appropriate.

## COUNTERCLAIM FOR INDEMNIFICATION AND CONTRIBUTION

1. Golder incorporates fully herein by reference all of the foregoing paragraphs of the Answer as if fully set forth in this section.

2.      Upon information and belief, Plaintiff/Counter-Defendant Edgewood Properties, Inc. ("Edgewood") is a corporation organized under the laws of New Jersey, with its principal place of business at 1260 Stelton Road, Piscataway, New Jersey.

3.      Upon information and belief, Edgewood entered into a written agreement with Ford and/or Ford Motor Land Development Corporation ("FMLDC"), whereby Ford and/or FMLDC agreed to provide Edgewood with up to 50,000 cubic yards of crushed concrete from the Edison Plant.

4.      Upon information and belief, Edgewood removed approximately 32,000 cubic yards of crushed concrete from the Edison Plant pursuant to the aforementioned written agreement with Ford and/or FMLDC.

5.      Upon information and belief, Edgewood knew that the crushed concrete was contaminated with, *inter alia*, PCBs.

6.      Upon information and belief, Edgewood entered into a subcontractor agreement with EQ Northeast, Inc. ("EQ"), and pursuant to this agreement, on or about May 9, 2005, Edgewood began crushing concrete at the Edison Plant.

7.      Upon information and belief, pursuant to its subcontractor agreement with EQ, Edgewood agreed to remove crushed concrete from the Edison Plant that was contaminated with, *inter alia*, PCBs.

8.      Upon information and belief, Edgewood removed crushed concrete contaminated with, *inter alia*, PCBs from the Edison Plant pursuant to its subcontractor agreement with EQ and transported it to various unauthorized locations for use as fill. Edgewood's conduct in doing so was knowing, deliberate, fraudulent and negligent.

9.      Upon information and belief, Edgewood made fraudulent misrepresentations regarding its intended use of the concrete obtained from the Edison Plant and the origin of the contamination at certain properties at issue in this litigation.

10.     Upon information and belief, Edgewood breached duties owed to Ford and/or Ford's contractors and consultants, including Golder, at the Edison Plant concerning the removal and/or disposal of concrete from the Edison Plant.

11.     To the extent Edgewood is found liable for fraudulent misrepresentation, negligence or any other tort alleged by Ford or any current party or future party to this litigation concerning any actions it took or failed to take with respect to concrete at the Edison Plant, Edgewood is a tortfeasor.

## FIRST COUNTERCLAIM

### (Indemnification)

12.     Golder incorporates fully herein by reference all of the foregoing paragraphs of the Answer and Counterclaim as if fully set forth in this section.

13.     Pursuant to its agreements to crush, remove, and/or dispose offsite concrete containing contaminants, including PCBs, sourced to the Edison Plant, Edgewood has a special relationship with Ford and/or Ford's contractors and consultants at the Edison Plant with respect to the concrete and otherwise, and Edgewood owed a duty and obligation to undertake these actions, including but not limited to the offsite use or disposal of concrete, in a manner that would not impose any liability on Ford and/or Ford's contractors and consultants, including Golder, at the Edison Plant.

14.     Pursuant to its agreement(s) with Ford and/or other parties, Edgewood is contractually obligated to indemnify Golder for losses suffered by Golder in connection with Edgewood's performance of such contract(s).

15.     Edgewood has alleged, amongst other things, that Golder "negligently misrepresent[ed] to Edgewood the quality of the concrete that Ford intended to provide to Edgewood," and was negligent having "fail[ed] to properly and adequately test the concrete; fail[ed] to notify federal, state, and local authorities that the concrete was contaminated; fail[ed]

1959063-01                                          29

to request the proper permits to transfer the concrete to Edgewood; fail[ed] to track the concrete; fail[ed] to properly stockpile, categorize, and segregate the concrete; fail[ed] to properly dispose of the concrete; representing that the concrete was suitable for reuse in residential and commercial developments; select[ed] concrete for Edgewood to remove from the Edison Site that exceeded the RDCSCC and/or NRDCSCC criteria; fail[ed] to supervise subcontractors and employees responsible for testing, stockpiling, and designating concrete to be transferred to Edgewood; represent[ed] that the concrete did not contain contaminants exceeding the RDCSCC criteria; represent[ed] that the NJDEP approved of the handling and distribution of concrete; fail[ed] to comply with NJDEP regulations applicable to the distribution of the concrete; and otherwise fail[ed] to act in accordane with the proper standard of care."

16.     Despite Edgewood's allegations of, amongst other things negligent misrepresentation and negligence against Golder, which Golder denies, at all times Golder adequately and fully performed its obligations as an environmental consultant engaged by Ford to provide consultation concerning the environmental investigation and remediation of the Edison Plant in accordance with its legal and contractual obligations.

17.     To the extent that Golder is found liable in tort under the Complaint or another current or future party to this action recovers a judgment against Golder, which Golder denies, Edgewood and Golder are joint tortfeasors.

18.     To the extent that Golder is found liable under the Complaint or another current or future party to this action recovers a judgment against Golder as a result of the offsite disposal or reuse of contaminated concrete sourced to the Edison Plant, which Golder denies, Golder justifiably relied upon Edgewood to carry out its activities and duties in relation to the concrete in compliance with the law and its obligations to others, including Golder.

19.     To the extent that Golder is found liable under the Complaint or another current or future party to this action recovers a judgment against Golder, which Golder denies, Golder's

liability is vicarious, secondary, passive, and without wrongful conduct, while the liability of Plaintiff/Counter-Defendant Edgewood is direct, primary, active and wrongful.

20.     Golder is entitled to common law and/or contractual indemnification from Plaintiff/Counter-Defendant Edgewood for any costs and/or damages for which Golder may be held liable under the Complaint or other complaints in this action.

## SECOND COUNTERCLAIM

### (Contribution)

21.     Golder incorporates fully herein by reference all of the foregoing paragraphs of the Answer and Counterclaim as if fully set forth in this section.

22.     Although Golder specifically denies the allegations in the Complaint, to the extent a court adjudicates that Golder is liable in tort under the Complaint, or another current or future party to this action recovers a judgment against Golder for costs or damages related to the allegations in the Complaint or other complaints in this action, Edgewood is a joint tortfeasor under the common law and within the meaning of the New Jersey Joint Tortfeasor Act, N.J.S.A. § 2A:53A-1 *et seq.*, and the New Jersey Comparative Negligence Act, N.J.S.A. § 2A:15-1 *et seq.*, as well as any other applicable law, and Golder is entitled to contribution from Edgewood.

23.     To the extent that any liability is established upon Golder in tort under the Complaint, or another current or future party to this action recovers a judgment against Golder for costs or damages related to the allegations in the Complaint or other complaints in this action, which liability Golder denies, any such liability is secondary only and Golder alleges that primary liability is that of Edgewood, and Golder is therefore entitled to joint and several contribution from Edgewood, as a joint tortfeasor pursuant to the New Jersey Joint Tortfeasor Act, N.J.S.A. § 2A:53A-1 *et seq.*, and the New Jersey Comparative Negligence Act, N.J.S.A. § 2A:15-1 *et seq.*, as well as any other applicable law.

**WHEREFORE,** Golder demands judgment against Plaintiff/Counter-Defendant Edgewood, awarding Golder complete and full contribution and indemnification from Plaintiff/Counter-Defendant Edgewood, jointly and severally, including costs of suit and the defense of this matter, and any other such relief as this Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

Defendant Golder Associates, Inc. designates John P. Lacey, Esq., and Connell Foley LLP as their trial counsel pursuant to R. 4:25-4.

CONNELL FOLEY LLP
Attorneys for Defendant
Golder Associates, Inc.

By_____
JOHN P. LACEY, ESQ.

Dated:  July 7, 2008

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I hereby certify that the within matter in controversy is related to the following action pending before the Honorable Harold A. Ackerman, captioned *Ford Motor Company v. Edgewood Properties, Inc.*, Civil Action. No. 06-1278 (HAA/ES).

I hereby certify that the foregoing statement made by me is true.  I am aware that if the foregoing statement made by me is willfully false, I am subject to punishment.

CONNELL FOLEY LLP
Attorneys for Defendant
Golder Associates, Inc.

By_____
JOHN P. LACEY, ESQ.

Dated:  July 7, 2008

<u>**CERTIFICATE OF SERVICE**</u>

I, HECTOR D. RUIZ, of full age, certify as follows:

1.      I am an attorney at law of the State of New Jersey and an associate with the law firm of Connell Foley LLP, attorneys for defendant, Golder Associates, Inc. ("Golder"), in the within matter.

2.      On July 7, 2008, I arranged for the electronic filing of Golder's Amended Answer and Counterclaim in the above-captioned action.

3.      On July 7, 2008, a copy of Golder's Amended Answer and Counterclaim was served upon all counsel of record via Electronic Filing.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
HECTOR D. RUIZ

Dated: July 7, 2008